UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JEFFREY VARGAS,

                            Petitioner,                  **MEMORANDUM & ORDER**
                                                                            17-MC-809 (MKB)

                           v.

UNITED STATES OF AMERICA,

                            Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On March 21, 2017, Petitioner Jeffrey Vargas, proceeding *pro se*, moved to seal and/or expunge his criminal record. (Pet'r Mot. to Expunge ("Pet'r Mot."), Docket Entry No. 1.) Respondent the United States of America opposed the motion. (Gov. Opp'n to Pet'r Mot. to Expunge ("Gov. Opp'n"), Docket Entry No. 4.) For the reasons set forth below, the Court denies Petitioner's motion.

**I. Background**

On or about January 4, 2007, Petitioner was arrested on charges for conspiracy to import narcotics into the United States in violation of 21 U.S.C. § 963. (Compl., *United States v. Vargas*, No. 06-MJ-1244, (E.D.N.Y. dismissed July 6, 2007), Docket Entry No. 1; Arrest Warrant, *Vargas*, No. 06-MJ-1244, Docket Entry No. 2.) According to the criminal Complaint, Petitioner was arrested for coordinating a courier's transportation of 832.2 grams of narcotics into the United States through John F. Kennedy Airport in Queens, New York. (*See generally* Compl., No. 06-MJ-1244.)

On July 6, 2007, then-Magistrate Judge Joan M. Azrack dismissed the charges against Petitioner without prejudice. (Order dated July 6, 2007, No. 06-MJ-1244, Docket Entry No. 19.) Judge Azrack did not specify the basis for dismissing the charges. (*Id.*)

## II. Discussion

### a. Standard of review

The Attorney General is required to obtain and preserve criminal records including arrest records pursuant to 28 U.S.C. § 534(a). Although no federal statute provides for the expungement of an arrest record, a district court may use its inherent equitable powers to order expungement of arrest records.[1] *See United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *see also Mullen v. United States*, No. 12-MC-724, 2016 WL 1089261, at *1 (E.D.N.Y. Mar. 18, 2016) (citing *Schnitzer*, 567 F.2d at 539). Maintaining arrest records "serves the important function of promoting effective law enforcement." *Schnitzer*, 567 F.2d at 539.

Expungement of a criminal record is usually only granted in "extreme circumstances." *Id.* (quoting *United States v. Rosen*, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). Courts balance "the individual's privacy rights and law enforcement's interest in maintaining criminal records" to determine whether extreme circumstances exist. *United States v. Schonsky*, No. 05-CR-332, 2015 WL 2452550, at *1 (E.D.N.Y. May 21, 2015) (citing *Schnitzer*, 567 F.2d at 539–40). This balancing requires courts to take into account "the harm that the maintenance of arrest records

---

[1] Courts apply the same narrow standard in analyzing motions to seal and motions to expunge criminal records. *See Fernandez v. United States*, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *1 n.2 (E.D.N.Y. July 24, 2009). The terms have been used interchangeably when a request to seal or expunge is made. *See, e.g.*, *Peters v. United States*, No. 13-MC-103, 2013 WL 3280880, at *1 n.1 (E.D.N.Y. June 27, 2013); *Fernandez*, 2009 WL 2227140, at *1. In addition, courts have recognized that when a petitioner requests expungement, he or she is essentially asking the court to destroy or seal the records of arrest or conviction. *United States v. Rowlands*, 451 F.3d 173, 176 (3d Cir. 2006) (citing *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004)).

can cause citizens," *Schnitzer*, 567 F.2d at 539, the "compelling public need for an effective and workable criminal identification procedure" and should give considerable weight to the government's overall need to maintain a system of records. *Schnitzer*, 567 F.2d at 539, 540 n.6 (citation omitted).

Examples of extreme circumstances include: (1) mass arrests that render judicial determination of probable cause impossible; (2) arrests where the sole purpose was to harass civil rights workers; (3) the misuse of police records to the detriment of the defendant; and (4) arrests based on a statute that was later declared unconstitutional. *See Schnitzer*, 567 F.2d at 540 (citations omitted).

Even when an individual is acquitted of charges or a criminal complaint is dismissed without prejudice, a petitioner must demonstrate extraordinary circumstances or imminent harm beyond the termination of the criminal proceeding in order to obtain an expungement of his or her record. *See, e.g.*, *In re Farkas*, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) (expungement "should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved for extreme cases of government misconduct"); *United States v. Feret*, No. 05-MJ-75, 2007 WL 2262867, at *1 (E.D.N.Y. Aug. 3, 2007) (denying expungement after a criminal complaint was dismissed without prejudice because the petitioner did not face harsh, unique or extreme circumstances as a result of the arrest record). The need to explain the circumstances surrounding an arrest to an employer does not fall "within the narrow bounds of the class of cases where expungement has been declared appropriate." *Schnitzer*, 567 F.2d at 540; *In re Farkas*, 783 F. Supp. at 103–104 (denying expungement when the petitioner asked the court to consider the effect his twenty-year-old arrest record would have on his current employment as vice president of a prestigious securities firm even though the charges against the petitioner were

dismissed because laboratory tests revealed that petitioner had not been in possession of a controlled substance as initially suspected); *United States v. Grant*, No. 94-CR-18, 2008 WL 2039309, at *1–3 (E.D.N.Y. May 9, 2008) (denying expungement where the petitioner's criminal record erroneously reflected charges for which she had been acquitted fourteen years prior and she alleged that her inaccurate criminal record had affected her ability to obtain employment).

Recent decisions in this district have questioned this high standard, and in particular the extent to which the standard fails to allow relief from the negative effect of a criminal record on procuring employment. *See, e.g.*, *Atori v. United States*, No. 14-MC-1038, 2016 WL 525469, at *3 (E.D.N.Y. Feb. 8, 2016) ("The court is not without sympathy for [p]etitioner and the many other individuals in similar circumstances who have paid their debt to society yet continue to face collateral consequences of their convictions. Indeed, there is a growing awareness of the extent to which criminal records continue to burden former defendants, far beyond the conclusion of their court-imposed sentences. However, in light of the stringent standard set by the Second Circuit in *Schnitzer*, and in the absence of legislation from Congress, the court is not in a position to lift these burdens." (citation omitted)); *Stephenson v. United States*, 139 F. Supp. 3d 566, 572 (E.D.N.Y. 2015) ("Criminal records are remarkably public and permanent, and their effects are pernicious. A criminal sentence too often becomes 'a lifetime of unemployment.' It is time for a change. . . . As a judiciary, it may be time to revisit the standard for granting expungement and consider, based on what we know now, whether expungement should be limited to only the most 'exceptional' cases." (citations omitted)); *Doe v. United States*, 110 F. Supp. 3d 448, 457 (E.D.N.Y. 2015) ("The seemingly automatic refusals by judges to expunge convictions when the inability to find employment is the 'only' ground for the application have undervalued the critical role employment plays in re-entry" and is "out of step with public

opinion.") *rev'd*, 833 F.3d. 192 (2d Cir. 2016); *Joefield v. United States*, No. 13-MC-367, 2013 WL 3972650, at *4 (E.D.N.Y. Aug. 5, 2013) ("While lamenting this strict standard for expungement, most courts nonetheless deny expungement requests."); *see also* Michelle Natividad Rodriguez & Maurice Emsellem, *65 Million "Need Not Apply:" The Case for Reforming Criminal Background Checks for Employment*, National Employment Law Project, (March 2011), http://www.nelp.org/content/uploads/2015/03/65_Million_Need_Not_Apply.pdf (noting that despite the U.S. Equal Employment Opportunity Commission's guidance to the contrary, "a 2010 survey of employers indicated that over [thirty] percent consider an arrest that did not lead to conviction to be at least 'somewhat influential' in a decision to withhold a job offer" (citing Society for Human Resources Management, *Background Checking: Conducting Criminal Background Checks* at 5 (Jan. 22, 2010))).

    b.   **Petitioner's motion to expunge**

Petitioner argues that he is entitled to expungement of his arrest record because he was never charged in the case. (*See* Pet'r Mot. at 1.) The government argues that Petitioner "fails to identify any actual harm or other extreme circumstances related to his arrest record." (Gov. Opp'n at 3.)

Petitioner is not entitled to expungement because, as the government argues, he fails to identify any harm or other extreme circumstances. In balancing the equities in this case, Petitioner's argument that his arrest record should be expunged because he "was not charged in the matter," (*see* Pet'r Mot. at 1), absent any identified hardship resulting from the criminal record or a substantiated claim of innocence, does not outweigh the government's interest in keeping criminal records in order to promote effective law enforcement. *See Schnitzer*, 567 F.2d at 539–40; *Mullen*, 2016 WL 1089261, at *2–3 (denying expungement after a criminal complaint

5

was dismissed without prejudice and without reference to the basis for dismissal because the petitioner did not identify any harm or extreme circumstances); *Peters v. United States*, No. 13-MC-103, 2013 WL 3280880, at *2 (E.D.N.Y. June 27, 2013) (denying expungement where the petitioner failed to allege any harm as a result of her arrest record and the government did not concede that her innocence was the basis for dismissing the charges without prejudice). Nor does Petitioner allege that he was arrested without probable cause or that he is actually innocent of the charged conduct. Accordingly, Petitioner has failed to provide a sufficient basis for expungement.

### III. Conclusion

For the foregoing reasons, the Court denies Petitioner's motion to expunge without prejudice to a future application should his criminal record give rise to "extreme circumstances." *See, e.g.*, *Sandy v. United States*, No. 08-MC-306, 2008 WL 4865993, at *3 (E.D.N.Y. Nov. 7, 2008) (denying motion to expunge an arrest record "without prejudice" to a future application).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 4, 2017
      Brooklyn, New York

6